PROB 12C
(04/08)

May 23, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUN -3 PM 3: 09

Petition for Warrant or Summons for Offender Under Supervision

BY: ᴛᴄʟ

**Name of Offender:** Sokhorn SEAN (English)   **Dkt No.:** 08-CR-7022-001-IEG
   Charged As: Sakhorn SEAN

**Reg. No.:** 94375-198

**Name of Sentencing Judicial Officer:** The Honorable Patti B. Saris, U.S. District Judge
(After transfer of jurisdiction from the District of Massachusetts, this case has been reassigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge.)

**Date of Sentence:** February 15, 2007

**Original Offense:** 21 U.S.C. § 846, Conspiracy to Distribute Cocaine and Cocaine Base, Class B felony.

**Sentence:** 24 months; three years supervise release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** May 31, 2007

**Asst. U.S. Atty.:** William F. Bloomer (D/MA)   **Defense Counsel:** Michael C. Andrews (D/MA)
                                                                                                          (Appointed)
                                                                                                          (617) 951-0072

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

Name of Offender: Sokhorn SEAN  May 23, 2008
Docket No.: 08-CR-7022-001-IEG  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nv1)* | 1. | On or about September 21, 2007, Mr. Sean committed attempted murder (two counts), in violation of California Penal Code (CPC) Section 664-187(a), as evidence by the complaint filed in San Diego County Superior Court, Case No. SCD209876. |
| | 2. | On or about September 21, 2007, Mr Sean, a convicted felon, possessed a firearm in violation of CPC 12021 (a)(1), as evidenced by the San Diego Police Department, San Diego, California, Report Number 07-120055552. |

***Grounds for Revocation:*** As to allegation one and two, I have received and reviewed the San Diego Police Department (SDPD) Report Number 07-120055552. I have likewise received and reviewed court records from California Superior Court, County of San Diego, Case No. SCD209876; I have requested and await receipt of the charging documents in this matter.

From the documents I received, I confirmed the following: On September 21, 2007, officers responded to the report of a shooting in which members of Tiny Eastside Crips (TEC) street gang shot two individuals known to associate with the Oriental Boys (OBS) street gang. On November 9, 2007, a detective from the SDPD met with one of the victims of the shooting. The victim stated that he saw three gunmen, but the third male did not shoot anyone. The third male, later identified as Mr. Sean, was armed with a shotgun and the two other suspects were armed with handguns. Upon further questioning the victim provided the following written notation to a detective, "Striker from TEC with the shotgun," and "Two Face from TRG (Tiny Rascal Gang).". The detective was aware of the fact that Mr. Sean uses the nickname (Striker) and is known to associate with TEC. Mr. Sean had been previously interviewed by the detective as a witness to a homicide that occurred on September 21, 2007. During that incident, several TEC associates were present at a party when unknown suspects fired into the backyard and shot ten people.

With regard to the September 21, 2007 shooting, the detective had also obtained a photograph of Mr. Sean on his digital camera. The victim in that incident stated he saw two cars that had driven into the east alley prior to the shooting. The victim recognized one of the vehicles as belonging to "Striker," and stated that he has known "Striker" since the 1970s when he was small. The victim then viewed the photograph of Mr. Sean on the detective's camera and positively identified him as Striker, the male who pointed the shotgun at him during the shooting. On December 29, 2007, SDPD officers served a search warrant on Mr. Sean's residence and he, along with his brother, were taken into custody where he remains as of this writing.

A complaint was filed in the Superior Court of California, County of San Diego, Case No. SCD209876, charging the following: two counts of attempted murder. The case is currently pending in San Diego Superior Court and a readiness hearing was scheduled for May 19, 2008.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Sean was originally sentenced in the District of Massachusetts and released from custody on May 31, 2007. On May 5, 2008, transfer jurisdiction to the Southern District of California was completed. The offender resided at his parents residence in the City Heights area of San Diego. Up until his arrest on December 29, 2007, Mr. Sean maintained stable residence; however, he was unable to obtain verifiable employment.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Sean's criminal history consists of two juvenile adjudications for possession of stolen property and vehicle theft. He was born on February 27, 1985 in a refugee camp in Thailand and is the eldest of 11 children. According to the presentence report in the underlying case, Immigration and Custom Enforcement (ICE) as recorded that the offender entered the United States on January 21, 1986. He is a permanent resident but may be amenable to removal. ICE has placed an immigration detainer on Mr. Sean.

Case 3:08-cr-07022-IEG   Document 2   Filed 06/03/2008   Page 4 of 7
PROB 12C

| | |
|---|---:|
| Name of Offender: Sokhorn SEAN | May 23, 2008 |
| Docket No.: 08-CR-7022-001-IEG | Page 4 |

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a firearm (as described in 18 U.S.C.§ 921), the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(2), and USSG comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is three years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG § 7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves attempted murder which constitutes a Grade A violation. USSG § 7B1.1(a)(1)(A)(i), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 5 years supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

Within four months of his release from custody Mr. Sean was involved in a gang related shooting in which it is alleged, that although he did not shoot anyone, he possessed a shotgun. The undersigned believes that based on the seriousness of the allegations that a significant period of custodial confinement is warranted.

Should the Order to Show Cause be sustained, it is respectfully recommended that supervised release be revoked and that he be sentenced to 36 months custody, which is the statutory maximum. Reimposition of supervised release is not available if the statutory maximum is imposed. It is further recommended that the sentence be served consecutive to any sentence that may be imposed in Superior Court of California, County of San Diego, Case No. SCD209876.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 23, 2008

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Christopher J. Marco
U.S. Probation Officer
(619) 557-6502

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** SEAN, Sokhorn

2. **Docket No. (Year-Sequence-Defendant No.):** 08-CR-7022-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | committed an attempted murder | A |
   | felon in possession of a firearm | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [ 12 - 18 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

## THE COURT ORDERS:

__X__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently in custody at the George Bailey Detention Center in San Diego, California under booking number 07779864.)

_____ Other _____

_____          __6/2/08__
The Honorable Irma E. Gonzalez              Date
Chief U.S. District Judge

cjm/cjm