PROB 12C
(04/08)

August 22, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG 27 AM 8:12
CLERK
DISTRICT COURT
DISTRICT OF CALIFORNIA
BY: _____

**AMENDED**

Petition for Warrant or Summons for Offender Under Supervision

**AMENDED**

**Name of Offender:** Sokhorn SEAN (English)     **Dkt No.:** 08-CR-7022-001-IEG
   Charged As: Sakhorn SEAN

**Reg. No.:** 94375-198

**Name of Sentencing Judicial Officer:** The Honorable Patti B. Saris, U.S. District Judge
(After transfer of jurisdiction from the District of Massachusetts, this case has been reassigned to the Honorable Irma E. Gonzalez, Chief U.S. District Judge.)

**Date of Sentence:** February 15, 2007

**Original Offense:** 21 U.S.C. § 846, Conspiracy to Distribute Cocaine and Cocaine Base, Class B felony.

**Sentence:** 24 months; three years supervise release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** May 31, 2007

**Asst. U.S. Atty.:** William F. Bloomer (D/MA)     **Defense Counsel:** Keith Rutman (Appointed)
                                                                      (619) 237-9072

**Prior Violation History:** None

---

### PETITIONING THE COURT

**TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, MAY 23, 2008 TO INCLUDE THE FOLLOWING ALLEGATIONS**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(nv1)* | 3. | On or about September 21, 2007, Mr. Sean committed an assault with a firearm, in violation of California Penal Code (CPC) Section 245(a)(2), as evidenced by his no contest plea in San Diego County Superior Court, Case No. SCD210927. |

***Grounds for Revocation:*** As to allegation three, I have received and reviewed the court records ("Plea of Guilty/No Contest- Felony") from California Superior Court, County of San Diego, Case No. SCD210927. These documents reflect that, on August 7, 2008, Mr. Sean pleaded no contest to the above noted charge, and sentencing is currently set for October 7, 2008. The facts of the case are outlined in the Petition for Warrant or Summons for Offender Under Supervision dated May 23, 2008. As the conduct underlying this conviction was described in the preceding petition, the Court is provided this allegation to reflect more accurately the disposition of the state court charge.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT / OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Please refer to the Petition for Warrant or Summons for Offender Under Supervision dated May 23, 2008, for additional information about Mr. Sean.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a firearm (as described in 18 U.S.C.§ 921), the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(2), and USSG comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG § 7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves assault with a firearm which constitutes a Grade A violation. USSG § 7B1.1(a)(1)(A)(i), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade <u>A</u> violation with a Criminal History Category <u>I</u> (determined at the time of sentencing) establishes an **imprisonment range of <u>12</u> to <u>18</u> months.** USSG § 7B1.4, p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>5 years</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

**RECOMMENDATION/JUSTIFICATION**

The above noted allegation does not change the grade of violation or the original recommendation.

Should the Order to Show Cause be sustained, it is respectfully recommended that supervised release be revoked and that he be sentenced to 36 months custody, which is the statutory maximum. Reimposition of supervised release is not available if the statutory maximum is imposed. It is further recommended that the sentence be served consecutive to any sentence that may be imposed in Superior Court of California, County of San Diego, Case No. SCD2109927. It is also noted that Immigration and Customs Enforcement (ICE) has placed a detainer against Mr. Sean, and he may be subject to deportation to his native country.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 22, 2008

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by
Christopher J. Marco
U.S. Probation Officer
(619) 557-6502

Reviewed and approved:

Sean Quintal
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** SEAN, Sokhorn

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-7022-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | assault with a firearm | A |
   | committed an attempted murder | A |
   | felon in possession of a firearm | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [ 12 - 18 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

**THE COURT ORDERS:**

__X__  THE ORIGINAL ORDER TO SHOW CAUSE DATED <u>MAY 23, 2008</u>, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS.

(Currently in custody at the George Bailey Detention Center in San Diego, California under booking number 7795419.)

_____  Other _____

_____        ___8/22/08___
The Honorable Irma E. Gonzalez                         Date
Chief U.S. District Judge

cjm/cjm